UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN CROSS,<br><br>          Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>          Defendants. | No. 2:19-cv-02462 CKD P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. In support of his request, plaintiff has submitted an inmate trust account statement report. (ECF No. 4.) The report shows that, between June and December 2019, plaintiff's account balance ranged between approximately $12,000 and $15,000, and that his restitution fine of $10,000 was fully paid. (Id.)

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a).

1

Here, plaintiff has made an inadequate showing of indigence. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994). His request to proceed in forma pauperis will be denied, and he will be granted fourteen days in which to submit the appropriate fees to the Clerk of Court.

Before he pays the filing fees for this action, however, plaintiff is advised that the complaint appears subject to dismissal for failure to exhaust administrative remedies. Plaintiff asserts three claims and, for each one, indicates on the filing form that he has not exhausted remedies, citing The Whistleblower Protection Act. (ECF No. 1 at 6, 12, 14.) Because plaintiff brought suit against the defendants on December 10, 2019, he is required to have completed the inmate appeals process as to his claims by that date. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.") Unexhausted claims are subject to dismissal.

If plaintiff pays the $400.00 filing fees, therefore, his complaint likely will be dismissed without prejudice to refiling after plaintiff exhausts administrative remedies for his claims. Similarly, if plaintiff does not pay the filing fee, his complaint will be dismissed without prejudice to refiling.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted fourteen days in which to submit the appropriate fees to the Clerk of the Court. Failure to pay the filing and general administrative fees in the amount of $400 will result in a recommendation that the application to proceed in forma pauperis be denied and the instant action be dismissed without prejudice.

Dated: April 13, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/cross 2462.ifp_deny