UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN R. CROSS, | No. 2:19-cv-02462-WBS-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Following a review of plaintiff's motion to proceed in forma pauperis, plaintiff was advised that he failed to demonstrate his indigency in order to be permitted to proceed in forma pauperis. ECF No. 5. As a result, plaintiff was denied in forma pauperis status, but was granted an extension of time in order to pay the filing fees for this action. ECF No. 5 at 2.

In the same order, plaintiff was advised that the complaint appears subject to dismissal for failing to exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."). Despite this notice, plaintiff paid the filing fee for this action on June

1

1   16, 2020.  The court now proceeds to screen plaintiff's complaint.

## I.     Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule

Creek State Prison. In his complaint he alleges that the water supply is contaminated with industrial and human waste. ECF No. 1 at 6. In claim one, plaintiff raises an Eighth Amendment challenge to these conditions of his confinement. Id. Claim two presents a Fourteenth Amendment Equal Protection violation based on the same allegations. ECF No. 1 at 12. In his last claim for relief, plaintiff asserts that defendants' conduct violates the Eleventh Amendment. Id. at 14. Plaintiff names fourteen individual and municipal entities as defendants in this action. By way of relief, plaintiff seeks compensatory and punitive damages as well as a pardon or commutation of his sentence. Id. at 17. Plaintiff also seeks injunctive relief by requiring all prisons with contaminated water to be brought up to health and safety standards. Id.

With respect to each of his three claims for relief, plaintiff indicates that he has not exhausted his administrative remedies. ECF No. 1 at 6, 12, 14. To explain why he has not submitted any appeal or request for administrative relief, plaintiff refers to The Whistleblower Protection Act.[1] Id.

### III.    Analysis

"No action shall be brought with respect to prison conditions under section 1983 of this title,... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). At the time that plaintiff filed this complaint on December 10, 2019, prisoners were permitted to "appeal any policy, decision, action, condition, or omission by the [Department of Corrections and Rehabilitation] or its staff that the inmate… can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (repealed effective June 1, 2020). Administrative grievances filed by prisoners during this time period are generally deemed exhausted once the third level of review has been completed by the Secretary of the California Department of Corrections and Rehabilitation. See Cal. Code Regs. tit. 15, § 3084.7 (repealed effective June 1, 2020).

In Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), the Ninth Circuit Court of Appeal described when dismissal of a complaint for failure to exhaust administrative remedies

---

[1] Plaintiff is informed that the Whistleblower Act does not relieve him of his responsibility to exhaust his administrative remedies prior to filing suit.

3

is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Specifically, the court found that dismissal is only appropriate when failure to exhaust is "clear from the face of the complaint" and that "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." In this instance, however, plaintiff's admission on the face of his complaint that he never pursued administrative remedies requires dismissal.  Accordingly, the court will recommend that plaintiff's complaint be dismissed without prejudice for failing to exhaust his administrative remedies.  The undersigned has considered the content of the complaint and the lack of any whistleblower exception to the exhaustion requirement and determined that leave to amend the complaint would be futile.  See Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.").

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the complaint which indicates that you have not filed any administrative grievance concerning the allegations of water contamination at Mule Creek State Prison.  According to federal law, you must give the prison a chance to fix the problem before filing suit in federal court.  Based on this defect in your complaint that is not fixable, the undersigned is recommending that your complaint be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed without prejudice for failing to exhaust his administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cros2462.F&R.exhaust.docx